FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**CASE NO. 09-20025**

vs.

**HON. AVERN COHN**

**D-4   SAMUEL L. RIDDLE, JR.,**

**Defendant.**

FILED
DEC 07 2009
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

_____/

## PROTECTIVE ORDER

By motion dated December 4, 2009, the United States moved for a protective order precluding extrajudicial statements about this case by the parties or their attorneys. Having read the submissions of the parties and held oral argument on this matter, the Court makes the following findings of fact:

1.   There exists in this case a substantial likelihood that allowing extra-judicial statements by any of the parties to this litigation will prejudice the fair trial rights of one or more of the parties and particularly prejudice they jury venire.

    a.   From approximately March 2009 until the present, Mr. Riddle has used various forms of media (print, radio, television, and internet) to advance his claim that he has been wrongfully and improperly selected for investigation and

prosecution, that the prosecutors in this case are politically motivated, and that the Court is being unfair to him.  <u>See</u> Exhibit A attached.

b.    These extrajudicial statements create a substantial likelihood of material prejudice to the fair trial rights of the government, because those in the venire pool who have heard Mr. Riddle's comments might believe them and, therefore, refuse to credit evidence and argument submitted by the government at trial on the basis of Mr. Riddle's statements, which are inadmissible at trial.

2.    Other measures short of this protective order are insufficient to cure the prejudice that will result from continued extra-judicial comments.

a.    The sensitive and politically charged nature of Mr. Riddle's extrajudicial comments means that "[e]xtensive *voir dire* may not be able to filter out all of the effects of pretrial publicity."  <u>Gentile v. Nevada</u>, 501 U.S. 1030, 1075 (1991).

b.    Jury sequestration is also inadequate because it will allow Mr. Riddle's comments to continue unabated until there is an attempt to identify and remove the prejudice during *voir dire*, which may be insufficient.

Accordingly, IT IS HEREBY ORDERED that, apart from court hearings or filings, no lawyer or party to this proceeding shall make any extrajudicial statement about this case which a reasonable person would believe could be publicly disseminated.  This Protective Order, however, does not apply to statements that disseminate information regarding

scheduling matters or other materials that are a part of the public record, so long as those statements are limited to bare facts as opposed to opinions, questions, or commentary.

This Protective Order shall also apply to any person associated with the parties, including the parties' employees, agents, or representatives.

DATED this 7th day of December, 2009.

Avern Cohn
United States District Judge

3