UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**   CRIMINAL NO. 09-20025

vs.

HON. AVERN COHN

**D-4   SAMUEL L. RIDDLE, JR.**

          Defendant.
_____/

**MOTION FOR ORDER REGARDING ACCURACY
OF TRANSCRIPTS OF WIRETAP TAPES**

NOW COMES the United States of America, by and through counsel, Terrence Berg, United States Attorney, and Robert Cares and David Gardey, Assistant United States Attorneys, all for the Eastern District of Michigan, and, in support of the motion by the United States for an order regarding the accuracy of the transcripts of wiretap tapes, say as follows:

1.  A superseding indictment was returned against defendant on July 15, 2009.

2.  Prior to the indictment, defendant had been represented by counsel, who was allowed to withdraw on November 2, 2009.  Current counsel were appointed on November 3 and November 16, 2009.

3. Much of the evidence in this case consists of tape recorded telephone conversations which were intercepted pursuant to orders from the court, as authorized by 18 U.S.C. § 2510 *et. seq.*

4. On August 31, 2009 the government sent to the original defense attorney, by FEDEX, a disk on which were copied the audio recordings of those telephone calls which the government intends to introduce at trial and transcripts of the recorded conversations. The government asked defense counsel to point out any disagreements as to accuracy so that changes could be made or the disputed portion of the transcripts be submitted to the court for a determination, pursuant to the procedure set forth in *United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983).

5. Defense counsel has not stipulated to the accuracy of the recordings, nor has defense counsel identified any part of the transcripts which are wrong or questionable.

6. The government intends to electronically display the transcripts for the jury at trial. To do so, it is necessary that the final transcripts be synchronized electronically with the audio recordings. This process requires two to three weeks. Thus, the government needs a determination on the accuracy of the transcripts sufficiently in advance of trial to synchronize the transcripts with the audio recordings.

7. Current counsel for the defendant does not concur in this motion.

WHEREFORE, for the reasons stated in the accompanying brief, the government moves that the court order that the defendant identify those portions of the transcripts with which there is a disagreement as to accuracy, on or before December 18, 2009. The government further moves that, if the parties cannot agree on the accuracy of all of the transcripts, the court schedule a hearing to enable the government to present evidence regarding the preparation of the transcripts and for the court to a pretrial determination pursuant to *United States v. Williamson*, 53 F.3d 757 (6th Cir. 1995)

                                                          Respectfully submitted,

| | |
|---|---|
| s/Robert P. Cares | s/David Gardey |
| **ROBERT P. CARES** (P28888) | **DAVID GARDEY** (P48990) |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort | 211 W. Fort |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9736 | (313) 226-3265 |
| robert.cares@usdoj.gov | david.gardey@usdoj.gov |

Dated: December 11, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**          CRIMINAL NO. 09-20025

                                      HON. AVERN COHN

vs.


**D-4    SAMUEL L. RIDDLE, JR.**

                Defendant.
_____/


**BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR ORDER
REGARDING ACCURACY OF TRANSCRIPTS OF WIRETAP TAPES**

A substantial part of the evidence against the defendant consists of recorded telephone conversations intercepted on the phone of defendant pursuant to a court ordered wiretap of his cell phone.[1] The government intends to introduce 132 recorded conversations at trial.[2] Many of the conversations to be introduced will be excerpts taken from calls which are sometimes quite lengthy. A substantial percentage of the calls (entire calls or excerpts) are less than two minutes long. The quality of the recordings is good.

---

[1] A few of the relevant calls where intercepted on the wiretap of Rayford Johnson's phone.

[2] These calls are listed in the Government's Exhibit List: # 7, #14, #20, #26, #28, and #37. Each exhibit contains several calls. These exhibits are organized so that the calls in an exhibit deal with a particular component of the government's case.

The transcripts will be used to assist the jury as they listen to the recorded conversations, consistent with *United States v. Robinson,* 707 F.2d 872 (6th Cir. 1983).

Original defense counsel had the recordings and transcripts since September 1, 2009.[3] In a letter that accompanied the recordings and transcripts, government counsel stated,

> It is intended that the jury will use the transcripts when listening to the tapes. If you object to any portion of the transcript, please notify me as soon as possible so that we may fulfill the requirements of *United States v. Robinson*, 707 F.2d 872 (6th Cir. 1983) and either make the appropriate changes or submit the disputed portion(s) of the transcript(s) to the court for review. If you agree that the transcripts are reliable, we will prepare the appropriate stipulation.

The government has also discussed the need for an agreement on the accuracy with current defense counsel, who responded that he could not give the government a date when the review process would be completed. Despite these requests, the government has not received a stipulation nor any indication, which, if any, of the transcripts (or portions thereof) are in dispute.

Without an agreement between the parties, the court has the ultimate responsibility to make a pretrial determination as to the accuracy of the transcripts. *United States v.*

---

[3]A package was FEDEXed counsel on August 31, 2009. In addition to the calls to be introduced at trial in this case, defense counsel was provided with recordings and transcripts of calls which the government intends to introduce in the case of *United v. Riddle and Waters*, No. 09-20295. Three of those calls, identified on the government's exhibit list will be introduced in this trial.

2

*Williamson*, 53 F.3d 757, 762 (6th Cir. 1995). As part of the pretrial process in determining accuracy, the government should be afforded an opportunity to establish, through testimony, the procedure used in preparing and ensuring the accuracy of the transcripts. *See United States v. Williamson*, 53 F.3d 757, 762 (6th Cir. 1995).

Requiring the court to make a pretrial determination regarding the accuracy of all the transcripts, as opposed to a stipulation by the parties, creates an undue and unreasonable burden on the court, especially if ultimately there is no objection to the accuracy. In *United States v. Elder,* 90 F.3d 1110, 1130 (6th Cir. 1996), the district court set up a schedule for defense counsel to review the tapes and transcripts and to file objections concerning accuracy. In this case, there has been ample time for defense counsel (original attorney and the current attorneys) to review the tapes and transcripts. The government is requesting that any objections to the transcripts be made on or before December 18, 2009. If there are objections, the government requests that a hearing be scheduled shortly thereafter so that an disputes can be resolved and the government can establish, through testimony, how the transcripts were prepared and authenticated.[4]

It is critical that the transcripts to be used at trial be in place well before the beginning of trial. The government intends to electronically display the transcripts as the

---

[4]This issue may be moot, even if there are objections. If there are any objections, the government will again review the disputed part of a transcript and may agree to the version proposed by the defendant.

recordings are played. To do this, the finalized version of the transcript is electronically synchronized with the audio recordings, a process that takes approximately three weeks. Thus, the need for a pretrial schedule is imperative.

Respectfully submitted,

| | |
|---|---|
| s/Robert P. Cares | s/David Gardey |
| **ROBERT P. CARES** (P28888) | **DAVID GARDEY** (P48990) |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort | 211 W. Fort |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9736 | (313) 226-3265 |
| robert.cares@usdoj.gov | david.gardey@usdoj.gov |

Dated: December 11, 2009

## CERTIFICATE OF SERVICE

We hereby certify that on December 11, 2009, we electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

JOHN R. MINOCK, ESQ.
EDWARD C. WISHNOW, ESQ.
Attorneys for Defendant

| | |
|---|---|
| s/Robert P. Cares | s/David Gardey |
| **ROBERT P. CARES** (P28888) | **DAVID GARDEY** (P48990) |
| Assistant United States Attorney | Assistant United States Attorney |
| 211 W. Fort | 211 W. Fort |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9736 | (313) 226-3265 |
| robert.cares@usdoj.gov | david.gardey@usdoj.gov |