# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
        Plaintiff,

v

**SAMUEL L. RIDDLE, JR.**,
        Defendant.
_____

Case No. 09-20025

Hon. Avern Cohn

## MOTION IN LIMINE

Defendant Samuel L. Riddle, Jr., by his attorneys, John Minock and Edward Wishnow, requests that his motion be granted for the following reasons::

1.    Defendant was indicted in this case in a seven count indictment involving allegations regarding the City of Detroit.

2.    Defendant has been indicted in a separate indictment involving allegations regarding a Southfield city councilman.

3.    The government has filed notice it intends to seek the introduction of two types of evidence under FRE 404b.  R. 59, Notice.

4.    For the reasons stated in the Brief in support of this motion, Defendant requests that the Court exclude the proposed evidence.

**WHEREFORE**, Defendant requests that this Court not allow introduction of the proposed 404b evidence.

Dated:  December 28, 2009

    s/John Minock (P24626)
    Attorney for Defendant
    339 E. Liberty, Suite 200
    Ann Arbor, Michigan 48104
    734-668-2200; fax 734-668-0416
    jminock@cramerminock.com

                                                    s/<u>Edward C. Wishnow</u> (P22472  
                                                    Attorney for Defendant  
                                                    240 Daines St.  
                                                    Birmingham, MI 48009  
                                                    248-258-1991  
                                                    edwishnow@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
          Plaintiff,

v

**SAMUEL L. RIDDLE, JR.**,
          Defendant.

_____

Case No. 09-20025

Hon. Avern Cohn

**BRIEF IN SUPPORT OF MOTION IN LIMINE**

**Issue presented:** Whether the Court should exclude certain proposed governemnt evidence.

**Principal authority:** *United States v. Okayfor*, 996 F.2d 116, 120 (6th Cir. 1993); *United States v. Merriweather,* 78 F. 3d 1070, 1077 (6th Cir. 1996).

The government has filed notice of its intention to seek admission of two types of evidence pursuant to FRE 404b. (R. 59, Notice). Defendant objects to admission of the evidence.

The first subject matter the government seeks to introduce is effectively its whole case charged in the second indictment assigned to Judge Battani, namely that bribes were paid to a Southfield City councilman. The purposes for which the government says claims it wants to introduce the evidence are a recitation of most of the exceptions in 404b. Such a shotgun assertion of purposes makes it difficult to analyze whether the evidence actually fits one of the exceptions.[1] Defendant submits that the evidence of the allegations in the Southfield indictment is really offered for propensity, and violates the general principle that character cannot be used to prove conduct.

The obvious expectation is that the challenged evidence will lead it to the conclusion that if Defendant was involved in a bribery scheme in Southfield, he is more likely to have committed

---

[1] The Court should, of course, require the government to articulate a theory of admissibility. *United States v. Merriweather*, 78 F.3d 1070, 1076-1077 (6th Cir. 1996).

1

extortion in this case. Although the advantage to the government from turning the jury in this direction is obvious, it is, of course, such "propensity" evidence which is properly excluded under Rule 404(b). *E.g., United States v. Okayfor*, 996 F.2d 116, 120 (6th Cir. 1993) ("In order for evidence to be admissible under Rule 404(b), it must be established that: (1) the evidence is relevant for a purpose other than to show character or criminal propensity; and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403.").[2]

As the Court said in *United States v. Merriweather,* 78 F. 3d 1070, 1077 (6th Cir. 1996), "[o]ne factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof." In other words, the "legitimate need" for the evidence, as balanced against the "danger of unfair prejudice." *Id., at* 1079. *Accord, United States v. Myers,* 123 F.3d 350, 363 (6th Cir. 1997) ("Another factor in the Rule 403 balancing is the availability of other means of proof, which would reduce the need for the potentially confusing evidence."). Here there is simply no "legitimate need" for the evidence.

On the other hand, the admission of the evidence would implicate the entire spectrum of evils addressed by Rule 403:

> Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

---

[2] The required balancing analysis is not only the "unfair prejudice" prong of Rule 403, but extends to the other bases for exclusion, "confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See, e.g., United States v. Guerrero,* 169 F.3d 933, 943 (5th Cir. 1999); *United States v. Dotson,* 871 F.2d 1318, 1325 (6th Cir. 1989).

**Unfair prejudice.**

"The drafters of Rule 403 expected 'unfair prejudice' to have multiple meanings. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Varoudakis,* 233 F.3d 113, 122 (1st Cir. 2000) (Quoting Advisory Committee's Notes on Fed. Rule Evid. 403). Such improper grounds "certainly include . . . generalizing a defendant's . . . bad act into bad character and taking that as raising the odds that he did the . . . bad act now charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In other words, evidence which may be taken as suggesting propensity, while arguably relevant to narrower issues, carries an inherent danger of unfair prejudice.

The proffered evidence is "propensity" evidence, pure and simple. Even if marginally relevant, however, the evidence's potential to skew the jury's ability to objectively analyze the real issues of guilt and innocence in this case is obvious.

"The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact by other, non-prejudicial evidence." 22 Charles A. Wright & Kenneth A. Graham, Jr., Federal Practice and Procedure, § 5214 (1978). Here, the government has no real need for the evidence, and fairness demands that it be put to its proofs on the merits of its case as to this indictment itself.

**Confusion of the issues, or misleading the jury**

"[E]vidence may threaten 'confusion of the issues, or misleading the jury' when 'the probability that the proof and the answering evidence that it provokes may create a side issue that will unduly distract the jury from the main issues.'" *Moore v. Ashland Chemical, Inc.,* 126 F.3d 679, 692 (5th Cir. 1997) (quoting McCormick, McCormick on Evidence § 185(West 2d ed.1972)).

If the Southfield allegations are to be injected into this trial, it will require the litigation of

innumerable questions of fact, including effectively the whole of the other indictment. Answering those fact questions will require the jury to analyze extensive evidence and testimony which has nothing to do with this case and to make credibility judgments about witnesses who have no testimony whatsoever to offer regarding the charges on which it will ultimately be asked to render its decision. Under the circumstances, the potential for confusion of the issues is obvious.

**Undue delay, waste of time, or needless presentation of cumulative evidence.**

Given the marginal relevance of the other case to this indictment, as well as the lack of any legitimate need for the evidence - to say nothing of the potential for unfair prejudice - calling this additional evidentiary burden a "undue," a "waste of time," or "needless" is an understatement.

The proposed evidence would turn the Southfield allegations into a trial within a trial and would consume an inordinate amount of time. While the government claims the evidence would be limited, Defendant would have to defend those allegations as though the two indictments were joined for trial (even though they could not properly be joined). Defense counsel John Minock has, as the government states, received discovery materials in the other case (since Edward Wishnow is not appointed in that case), and while the discovery not as immense as in this case, those materials are also voluminous. Were the evidence which forms the basis of the other indictment admitted here, defense counsel would have to devote substantial time to preparing the defense to those allegations, effectively preparing for trial of both indictments at once. Counsel is already faced with an insurmountable task in preparing for this trial, would not be able to prepare adequately to meet the Southfield allegations as part of this trial, and would again have to seek an adjournment of this trial date in order to adequately prepare and investigate if the evidence is to be allowed.

The second subject matter the government proposes to introduce is testimony from an IRS agent regarding Defendant's tax returns for 2006 and 2007 that he did not declare as income money

which he received alleged in the indictment(s). The government has not explained which 303b exception applies here, and until it does, Defendant will not attempt to respond and argue against himself. However, once again the real purpose for this evidence appears to be the forbidden propensity purpose, that if Defendant did something wrong he is more likely to have something wrong on another occasion.

For all the above reasons, Defendant requests that the Court exclude the proposed evidence.


Dated: December 28, 2009
s/John Minock (P24626)
Attorney for Defendant
339 E. Liberty, Suite 200
Ann Arbor, Michigan 48104
734-668-2200; fax 734-668-0416
jminock@cramerminock.com

s/Edward C. Wishnow (P22472
Attorney for Defendant
240 Daines St.
Birmingham, MI 48009
248-258-1991
edwishnow@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
               Plaintiff,               Case No. 09-20025

v

                                      Hon. Avern Cohn

**SAMUEL L. RIDDLE, JR.**,
               Defendant.
_____

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                      s/<u>John Minock (P24626)</u>
                                      Attorney for Defendant
                                      339 E. Liberty, Suite 200
                                      Ann Arbor, Michigan 48104
                                      734-668-2200; fax 734-668-0416
                                      jminock@cramerminock.com