UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

**CRIMINAL NO. 09-20025**

vs.

**HON. AVERN COHN**

**D-4   SAMUEL L. RIDDLE, JR.,**

      **Defendant.**
_____/

**UNITED STATES' MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OR ARGUMENT
CONCERNING IMPROPER PROSECUTION**

      The United States of America, by and through its attorneys, Robert Cares and David A. Gardey, Assistant United States Attorneys, for the Eastern District of Michigan, moves *in limine* to preclude evidence or argument related to defendant Samuel L. Riddle, Jr.'s claims of selective, vindictive, or other improper prosecution. More particularly, the government asks that the defendant be precluded from asking questions during voir dire, or asking questions or submitting evidence or arguing at trial, relating to the following:

      1. The general claim that he is being selectively and/or vindictively prosecuted, or that his prosecution violates the First Amendment or his other rights as a United States citizen;

      2. Any claim that he is being prosecuted for who he is, or because he is a fall guy, and any other claim that he has been chosen for prosecution for any reason other than the fact that the government had allegations, which were substantiated, that he violated the law as described in the indictment;

3. The claim that the government has failed to investigate or prosecute Synagro Technologies, Inc., the Carlyle Synagro Group, other affiliated companies, executives at these companies, or other "enablers of corruption;"

4. The claim that the government has failed to investigate or prosecute other people or companies that gave bribes in the transactions at issue in this case;

5. The claim that the Department of Justice, the United States Attorney's Office, or the law enforcement personnel in this case have brought this case because of politics or any other improper considerations;

6. The claim that the defendant and his attorneys have not been provided with adequate time or resources by the Court in which to prepare for trial; and

7. The claim that the Court has acted as a "tyrant" or "bully," or that the Court has suppressed his First Amendment rights.

The government further asks that the defendant be required to obtain leave of the Court prior to referring to any of the areas outlined above.

The government sought concurrence in this motion by defendant Riddle, and his counsel declined to concur.

For the reasons supported by the attached brief, the United States asks that its motion *in limine* be granted.

                                                  Respectfully submitted,

                                                  TERRENCE BERG
                                                  United States Attorney


                                                  s/ROBERT P. CARES
                                                  Assistant United States Attorney
                                                  211 W. Fort Street, Suite 2001
                                                  Detroit, Michigan  48226
                                                  Phone: (313) 226-9736
                                                  Email: robert.cares@usdoj.gov
                                                  Bar No.: P28888


                                                  s/DAVID A. GARDEY
                                                  Assistant United States Attorney
                                                  211 W. Fort Street, Suite 2001
                                                  Detroit, Michigan  48226
                                                  Phone: (313) 226-9591
                                                  Email: david.gardey@usdoj.gov
                                                  Bar No.: P48990

DATED: January 4, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CRIMINAL NO. 09-20025

vs.

HON. AVERN COHN

D-4    SAMUEL L. RIDDLE, JR.,

   Defendant.
_____/

BRIEF IN SUPPORT OF UNITED STATES' MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT
CONCERNING IMPROPER PROSECUTION

TERRENCE BERG
United States Attorney

s/ROBERT P. CARES
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9736
Email: robert.cares@usdoj.gov
Bar No.: P28888

s/DAVID A. GARDEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9591
Email: david.gardey@usdoj.gov
Bar No.: P48990

**TABLE OF CONTENTS**

CONTROLLING AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Improper Prosecution Is A Matter of Law For the Court. . . . . . . . . . . . . . 1

    B.   Admission of Argument or Evidence of Improper Prosecution
        or Unfair Trial Would Violate Rules of Evidence.. . . . . . . . . . . . . . . . . . . . 3

III. CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF CONTROLLING AUTHORITIES**

United States v. Abboud, 438 F.3d 554 (6th Cir. 2006)

United States v. Berrigan, 482 F.2d 171 (3d Cir. 1973)

United States v. Fieger, 2008 WL 996401 (E.D. Mich. April 8, 2008)

## **STATEMENT OF ISSUE**

The issue presented by this motion is as follows:

1. Whether the defendant should be allowed to introduce evidence or argument regarding claims of improperly motivated or conducted investigation and prosecution, where the Sixth Circuit has held that such evidence and argument should not be placed before the jury and where such evidence and argument are irrelevant to the charges in the indictment.

**I.    INTRODUCTION**

The law is clear that a claim of selective or vindictive or other improper prosecution is not a defense on the merits of the case and may not be addressed to the jury. Rather, such a claim is a legal argument that may be directed only to the Court. Permitting the defendant to raise these issues at trial would serve, at best, to unduly prolong the proceedings and confuse the jury. At worst, allowing the defendant to explore this area would inflame the passions of the jury, unfairly prejudice the government, and invite a miscarriage of justice. Evidence and argument on the matters raised in the defendant's various media and public relations efforts, as well as requests for adjournment, and on any other claim that the prosecution is improper, have no place before the jury.

**II.    ARGUMENT**

The defendant's improper prosecution claims essentially break down into the categories outlined above in the Motion *in Limine*. The law is clear, however, that such arguments or evidence regarding these points must be excluded from trial.

**A.    Improper Prosecution Is a Question of Law for the Court**

The issue of whether the government engaged in selective or vindictive prosecution of the defendant is a legal question for the Court, not a factual issue for the jury. United States v. Abboud, 438 F.3d 554, 579-580 (6th Cir. 2006). As the Sixth Circuit explained in Abboud:

> [B]ecause the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence ... it is not a matter for the jury. "By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to <u>a constitutional defect in the institution of the prosecution</u>."

Id. at 579 (quoting United States v. Berrigan, 482 F.2d 171, 175 (3d Cir. 1973) (emphasis added)). While Abboud only explicitly addresses claims of selective prosecution, its reasoning applies equally to any claim that the prosecution itself is improper. That is why evidence and argument that the prosecution is improper may only be raised in a pre-trial motion to dismiss the indictment. See Fed.R.Cr.P. 12(b)(3)(a) (requiring a motion alleging a defect in instituting the prosecution to be raised before trial); see also Berrigan, 482 F.2d at 175 (same). In the same way, the issue of whether the Court should grant the defendant's request for an adjournment of the trial date is a matter left solely to the discretion of the Court, and it is wholly irrelevant to the issues to be decided by the jury.

In United States v. Fieger, 2008 WL 996401 (E.D. Mich. April 8, 2008), Judge Borman addressed similar claims of improper and politically-motivated prosecution made by the defense. Judge Borman granted almost every area of the government's motion *in limine* and ordered the defense not to raise its claims of a political or improper prosecution during the trial. Id. at *1-3.

The defendant should therefore be precluded from suggesting that he was selectively or otherwise improperly investigated or prosecuted, or that he has not had sufficient time to prepare for trial, during opening statement, closing argument, and while presenting his case in chief. He should also be restricted, in the same fashion, while cross examining government witnesses, for the same reasons that similar arguments were forbidden on cross examination in Berrigan.

In Berrigan, a priest and a nun were charged with smuggling letters from a prison, among other crimes. At trial, they attempted to introduce evidence that they were being prosecuted, in part, because of "their outspoken views and position of leadership in deeply

opposing the war in Viet Nam." Berrigan, 482 F.2d at 177. They also argued that the smuggling of letters out of prison was commonplace and that very few prosecutions resulted therefrom. Id. at 179. The Third Circuit affirmed the trial court's decision to limit the cross-examination of two government witnesses through questions which would have gone to these points. Id. at 180. Such questions are "separate and distinct" from the witness's bias or the credibility of his testimony. Abboud, 438 F.3d at 580.

### B. Admission of Argument or Evidence of Improper Prosecution or Unfair Trial Would Violate Rules of Evidence

Federal Rule of Evidence 402 precludes evidence or argument about the defendant's theories of improper prosecution on the grounds of relevance. It is black-letter law that a defendant "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410 (1988). As explained above, evidence or argument suggesting that the defendant was improperly investigated or prosecuted, or that other companies or individuals should have been prosecuted are irrelevant to his guilt or innocence. Accordingly, it is inadmissible under Rule 402.

If Abboud were not the controlling law of this Circuit, and if this evidence were somehow marginally relevant, these arguments and this evidence would still be excluded from trial by Federal Rule of Evidence 403. Rule 403 directs the Court to exclude even relevant evidence, when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Indeed, even before Abboud was decided, the Sixth Circuit affirmed a trial judge's Rule 403 ruling which precluded questioning of a government agent regarding the

government's motives in prosecuting a defendant. In United States v. Burge, the defendant attempted to call a government agent to show that "the current prosecution was but one part of a pattern of government harassment of Defendant aimed at coercing his cooperation in other government investigations." 990 F.2d 244, 248 (6th Cir. 1992) (internal quotations omitted). In upholding the trial court's evidentiary ruling, the Sixth Circuit noted that "[t]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, . . . confusion of the issues . . . or interrogation that is . . . only marginally relevant." Id. at 249. The Sixth Circuit explained that the inquiry was relevant because it may have "cast doubt on the credibility of evidence or testimony presented by the government." Id. at 248. Nevertheless, "the defendant's right to examine a government witness to elicit evidence of bias is not absolute." Id. at 248-249. The Sixth Circuit concluded that the trial court retained discretion to bar the inquiry, noting that the "testimony excluded certainly had a potential to confuse the jury as to the issues in the case." Id. at 249.

In this case, the prior statements of both Mr. Riddle and his counsel underscore that the only effect of their improper prosecution argument would be to inflame the passions of the jury, unfairly prejudice the government, and confuse the issues at trial. Since the investigation of him became public in June 2009, defendant Riddle has continuously and publicly used sensational rhetoric to denounce the investigation. For example, most recently, on December 19, 2009, Mr. Riddle stated, "What is occurring here is you have one of the most political divisions of the United States Department of Justice operating right here in Detroit. These punks think they are going to intimidate us and beat us down and I call 'em punks because we're not seeing the administration of justice." Riddle Interview on Real

Talk, WADL-38 Television Broadcast. When the Indictment was unsealed, Mr. Riddle stated, "'I am not going to be the fall guy.'" The Detroit News, "Riddle Vows 'Tooth and Nail' Court Fight," July 16, 2009 at 17A. According to the article, "Riddle unleashed a diatribe against federal authorities and Synagro Technologies Inc." Id. "'The culture of corruption will go nowhere until they go after the enablers of corruption like Carlyle-Synagro Group,' Riddle said." Id. On July 1, 2009, Mr. Riddle appeared for an interview with Paul W. Smith on the radio on WJR-AM. During that interview, Mr. Riddle criticized the government and the FBI for failing to "go after the enablers of corruption, like the Carlyle Synagro group," and instead for pursuing "salacious" allegations. In a different radio interview conducted on June 17, 2009, Mr. Riddle also criticized the government's prosecution saying that "you also have to understand the motivations of the Department of Justice. You know this is a department of justice that is one of the most political in the nation." The Mitch Albom Show, WJR-AM, June 17, 2009.

     Aside from the defendant's claims that the prosecution is politically motivated and that the government is not investigating or prosecuting Synagro, Mr. Riddle has attacked the Court and the fairness of his upcoming trial, calling the Court a "tyrant" and a "bully." In a December 3, 2009 story in The Detroit News, the newspaper reported that Mr. Riddle stated: "'It's not fair,' Riddle said Wednesday. 'He's giving me less time to prepare for the case than he is giving to sentence (former Detroit City Councilwoman) Monica Conyers,' a co-defendant in the case. Conyers pleaded guilty this summer and awaits sentencing." Mr. Riddle added: "'I may well be being denied the right to effective counsel in terms of case preparation.'" Mr. Riddle's counsel also criticized the Court's decision to deny his request for an adjournment of the trial date. Mr. Riddle's counsel stated during a television interview

5

on December 18, 2009 that the amount of evidence that needs to be reviewed before trial is insurmountable.

These statements have nothing to do with whether or not the defendant engaged in a conspiracy to commit extortion, aided and abetted bribery, or committed the other crimes charged in the indictment, which are the only issues for the jury to decide. At the same time, there is no doubt that allowing such argument or evidence to be introduced at trial would unfairly prejudice the government.

### III. CONCLUSION

For these reasons, the government respectfully requests that the Court grant its motion *in limine* and preclude the defendant from introducing questions, evidence or argument, as detailed in our motion, to the jury at any stage of this proceeding.

    Respectfully submitted,

    TERRENCE BERG
    United States Attorney

    <u>s/ROBERT P. CARES</u>
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, Michigan  48226
    Phone: (313) 226-9736
    Email: robert.cares@usdoj.gov
    Bar No.: P28888

    <u>s/DAVID A. GARDEY</u>
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, Michigan  48226
    Phone: (313) 226-9591
    Email: david.gardey@usdoj.gov
    Bar No.: P48990

DATED: January 4, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on  January 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

John Minock, Esq.
Edward Wishnow, Esq.

                                                       s/DAVID A. GARDEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone: (313) 226-9591
Email: david.gardey@usdoj.gov
Bar No.: P48990