# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

Case No. 09-20025-04

v

Hon. Avern Cohn

**SAMUEL L. RIDDLE, JR.**,

Defendant.

_____

## MOTION FOR DISCOVERY

Defendant Samuel L. Riddle, Jr., by his attorneys, John Minock and Edward Wishnow, requests that his motion be granted for the following reasons:

1.      Defendant was indicted in this case in a seven count indictment.

2.      The indictment arose from several separate FBI investigations in which numerous wiretaps were authorized, and tens of thousands of calls were intercepted over a period of eight months or more.

3.      Trial is scheduled for January 5, 2010.

4.      This case is complex.  The indictment in essence charges five separate cases occurring over a lengthy period of time.  The government had the opportunity to have numerous agents and attorneys review that evidence for two years prior to the indictments.  Defense counsel have been on the case for less than two months.

5.      Prospective jurors will fill out questionnaires on January 5, 2010.

6.      Voir dire of the prospective jurors will begin on January 12, 2010.

7.      Between the distribution of the questionnaires and the start of voir dire, the government could conduct background checks of the prospective jurors.

1

8.    The government's resources in this case vastly exceed those of the defense.

9.    As a matter of fairness and due process, Defendant requests that the Court order that the government timely turn over to defense counsel the results of any investigation conducted into the backgrounds of prospective jurors, if such checks are conducted.

**WHEREFORE**, Defendant requests that this Court order that the government timely turn over to defense counsel the results of any investigation conducted into the backgrounds of prospective jurors.


Dated:  January 4, 2010                    s/John Minock (P24626)
                                           Attorney for Defendant
                                           339 E. Liberty, Suite 200
                                           Ann Arbor, Michigan 48104
                                           734-668-2200; fax 734-668-0416
                                           jminock@cramerminock.com

                                           s/Edward C. Wishnow (P22472
                                           Attorney for Defendant
                                           240 Daines St.
                                           Birmingham, MI 48009
                                           248-258-1991
                                           edwishnow@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
                                Plaintiff,                          Case No. 09-20025-04

v

                                                                Hon. Avern Cohn

**SAMUEL L. RIDDLE, JR.**,
                                Defendant.
_____

### BRIEF IN SUPPORT OF MOTION FOR DISCOVERY

Defendant Samuel L. Riddle, Jr., was indicted in this case for multiple offenses. Prospective jurors will fill out questionnaires on January 5, 2010. Voir dire of the prospective jurors will begin on January 12, 2010.

Between the distribution of the questionnaires and the start of voir dire, the government could conduct background checks of the prospective jurors. The government's resources in this case vastly exceed those of the defense. As a matter of fairness, Defendant requests that the Court order that the government timely turn over to defense counsel the results of any investigation conducted by the government into the backgrounds of prospective jurors.

A fundamental value of the Due Process Clause of the Fifth and Fourteenth Amendments is the right to a fair trial. One of its purposes is the preservation of the reliability of the guilt-determining process. The United States Supreme Court has derived a number of fair trial imperatives from the Due Process Clauses even though not specified in the constitution, for example, the knowing use of false or perjured testimony by the prosecution, *Miller v. Pate,* 386 U.S. 1 (1976), and a requirement that the prosecution divulge evidence favorable to the accused, *Brady v. Maryland,* 373 U.S. 83 (1963).

Defendant maintains that due process also demands that a defendant be tried before a jury which is not prosecution-oriented. The government also has a duty to insure the fairness of the criminal process. These principles would be thwarted if the prosecution is able to use information regarding prospective jurors during voir dire which is not available to the defense. Such information would enables the government to select jurors who are prosecution-oriented and who may be more inclined to convict.

The government has considerable advantage in information-gathering. The gathering of information regarding prospective jurors, particularly if done through means available only to the government, provides nonreciprocal benefits to the prosecution. As a result, a criminal defendant, particularly one indigent, is unfairly disadvantaged. Due process requires that the prosecution share this crucial data with the defendant. In *Williams v. Florida,* 399 U.S. 78 (1970), the Court said:

> The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy and absolute right always to conceal their cards until played. We find ample room in that system, at least as far as due process is concerned, for [a rule] which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the state ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.

The Court has also said that if there are to be any imbalances or advantages resulting from the discovery process, these should inure to the benefit of the accused. *Wardius v. Oregon,* 412 U.S. 470, 475, fn. 9 (1973). As Justice Douglas stated in his concurring opinion: "Much of the Bill of Rights is designed to redress the advantage that inheres in a government prosecution." *Id*. 412 at 480

In *Losavio v. Mayber,* 178 Col. 184, 496 P.2d 1032 (CO, 1972), the Court noted that though the public defender has no right of access to police files containing information on prospective jurors, the "requirements of fundamental fairness and justice" dictate disclosure once that

2

information is obtained by the prosecuting attorney. *Id*. 496 P.2d at 1035. If a defendant is not provided with the prosecutor's data on prospective jurors, the due process guarantee of a reliable guilt-determining process could be severely jeopardized.

Another significant aspect of due process is the appearance of justice. The function of the jury is not only to insure the reliability of the fact-finding process, but also to secure community confidence in the system:

> Fairness of course requires an absence of actual bias in the trial of causes. But our system of law has always endeavored to prevent even the probability of unfairness *** [T]o perform its high function in the best way "justice must satisfy the appearance of justice." *In re Murchison,* 349 U.S. 133 (1955).

If the government is permitted to use information regarding prospective jurors without divulging the same to defense counsel, it could contribute to an appearance of bias. Compelling disclosure of the Government's data can serve to protect the public confidence in the fairness of the criminal justice system and trial by jury. *Taylor v. Louisiana,* 419 U.S. 522, 530 (1975).

In addition to the due process clause, the Sixth Amendment guarantees the right to a public trial by an impartial jury. It is important that the jury represent a cross-section of the community:

> We accept the fair cross-section requirement as fundamental to the jury trial guaranteed by the Sixth Amendment and are convinced that the requirement has solid foundation. The purpose of a jury is to guard against the exercise of arbitrary power - to make available the common sense judgment of the community as a hedge against the overzealous or mistaken prosecutor and in preference to the professional or perhaps overconditioned or biased response of a judge. *Taylor, supra*, at 530.

If the government is able to utilize data regarding prospective jurors which is not made available to the accused, the government is in a much better informed position in jury selection. Allowing extensive voir dire by defense counsel might serve to blunt the effects of that imbalance but would not eliminate it.

3

It is important that a jury be chosen from a cross-section of the community and accurately and fairly represent community values. "As long as there are significant departures from the cross-sectional goal, biased juries are result-biased in the sense that they reflect a slanted view of the community they are supposed to represent." *Taylor*, 419 U.S. at 529. Unless the prosecutor's data on prospective jurors is shared with the accused, the government will have the ability to choose a jury which does not reflect that balance. A jury which fairly represents the community will more fully protect both the defense's and the government's interests in accurate fact-finding. If the government possesses information on prospective jurors not available to the accused, it has a clear advantage in *voir dire*, and Defendant could be deprived "of the kind of fact-finder to which he [is] constitutionally entitled." *Taylor*, 419 U.S. at 526.

For all the above reasons, Defendant requests that the government be ordered to disclose all data it obtains regarding prospective jurors. Failure to order disclosure would violate defendant's rights to due process, to present a defense, to a fair trial, to a fair and impartial jury, and to the effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments.

Dated:  January 4, 2010

s/John Minock (P24626)
Attorney for Defendant
339 E. Liberty, Suite 200
Ann Arbor, Michigan 48104
734-668-2200; fax 734-668-0416
jminock@cramerminock.com

s/Edward C. Wishnow (P22472)
Attorney for Defendant
240 Daines St.
Birmingham, MI 48009
248-258-1991
edwishnow@aol.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**
                          Plaintiff,                          Case No. 09-20025-04

v

                                                    Hon. Avern Cohn

**SAMUEL L. RIDDLE, JR.,**
                          Defendant.
_____

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 4, 2010, I electronically filed the foregoing document with the  Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

                                       s/John Minock (P24626)
                                       Attorney for Defendant
                                       339 E. Liberty, Suite 200
                                       Ann Arbor, Michigan 48104
                                       734-668-2200; fax 734-668-0416
                                       jminock@cramerminock.com