UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 09-20025

D-4, SAMUEL L. RIDDLE, JR.,                                  HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

I.

This is a criminal case. Voir dire began on January 5, 2010 when 100 prospective jurors were called to the courthouse and filled out a detailed questionnaire. Individual voir dire has been completed and a jury of 16 has been empaneled. Opening statements and the proofs will begin on January 25, 2010.

Before the Court is defendant's motion for reconsideration of the denial of his motion to dismiss, to stay proceedings, or for an evidentiary hearing which challenged the jury selection process. See Memorandum and Order filed January 12, 2010 (Dkt. # 112). For the reasons that follow, the motion is DENIED.

II.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(g) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.

> The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.

Defendant says that reconsideration is warranted because the Court misunderstood the grounds of his motion. Defendant says he was not basing his challenge to the jury selection process on the composition of the 100 prospective jurors called to fill out questionnaires, but rather was making a broader attack on the selection of the master jury wheel. He also says he requested a stay in order to examine into the creation of the master jury wheel. This argument lacks merit. A fair reading of defendant's motion shows his attack was based on the composition of the 100 prospective jurors. Indeed, in order to overcome an obvious timing problem with respect to his statutory claim, defendant said that he brought the motion after seeing the composition of the 100 prospective jurors. Moreover, defendant not only requested a stay, but also dismissal of the indictment. The latter request is clearly not premised on having an investigation into the jury selection process. Indeed, in the present motion, defendant again asks for dismissal of the indictment <u>or</u> a stay. Given the present posture of the case, a request for dismissal is fatuous. Finally, the Court did consider defendant's motion as making an attack on the master jury wheel and specifically found that the Administrative Order[1] used to create defendant's jury was functionally identical

---

[1] <u>See</u> E.D. Mich. Admin Order No. 08-AO-033 (Aug. 5, 2008).

to the Administrative Order[2] used to create the master jury wheel in the <u>Bates</u>[3] case. Defendant makes no argument that the Court erred in this finding or otherwise attempts to explain the differences in the Administrative Orders.

    SO ORDERED.

                        s/ Avern Cohn  
                        AVERN COHN  
                        UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 19, 2010, by electronic and/or ordinary mail.

                        s/ Julie Owens  
                        Case Manager, (313) 234-5160

---

[2] <u>See</u> E.D. Admin. Order No. 04-AO-0116 (Feb. 4, 2004).

[3] <u>United States v. Bates</u>, No. 05-81027, 2009 WL 5033928 (E.D. Mich. Dec. 15, 2009).