UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Case No. 09-20025

D-4, SAMUEL L. RIDDLE, JR.,                                        HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER GRANTING
## DEFENDANT'S MOTION IN LIMINE (Dkt. # 97)

I.

This is a criminal case. Trial is underway. Before the Court is defendant's Motion in Limine to prohibit the use of evidence which the government contends is admissible under Fed. R. Evid. 404(b).[1] Defendant says the evidence is not admissible and more prejudicial than probative. The Court deferred ruling on the motion until after opening statements. For the reasons that follow, the motion is GRANTED. However, the government has a right to move for reconsideration as the trial progresses.

II.

Generally, "other acts evidence" is not admissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Id. The

---

[1] The government previously filed a Rule 404(b) Notice, setting forth its intent to use this evidence. See Dkt. # 59, filed October 30, 2009.

Sixth Circuit has established a three-part test for determining if evidence falls under Rule 404(b), and is thus admissible. First, the district court must decide whether the proponent has demonstrated that the other act in question actually occurred. United States v. Hardy, 228 F.3d 745, 750 (6th Cir. 2000). The district court need not make a finding that the proponent proved the other act by a preponderance of the evidence; "such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. 681, 685 (1988). Second, the proponent must identify a specific purpose, other than the defendant's character, for which the evidence is offered, and the district court must determine whether this identified purpose is "material" or "at issue" in the case. United States v. Merriweather, 78 F.3d 1070, 1076-77 (6th Cir. 1996). Finally, the court must engage in a Rule 403 analysis and determine whether the "probative value of the evidence is substantially outweighed by the danger of unfair prejudice." Id. at 1077. After conducting this analysis, if the evidence is admitted, the district court "must 'clearly, simply, and correctly' instruct the jury as to the specific purpose for which they may consider the evidence." Id. (quoting United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994)).

### III.

The evidence at issue is testimony from William Lattimore, a member of the Southfield City Council. The government says Lattimore will testify that defendant paid him $12,500 to obtain Lattimore's support in an attempt to obtain approval from the City of Southfield for the relocation of a jewelry store. Lattimore plead guilty to taking bribes in another case in this district, in which defendant is also charged. The government

says the evidence is admissible to show defendant acted with unlawful intent when he received money in return for the officials acts or promises by Monica Conyers.  The government says this evidence is probative because defendant has raised the defense that the money he received was for legitimate consulting services.

In support, the government cites <u>United States v. Tuchow</u>, 768 F.2d 855 (7th Cir. 1985).  In <u>Tuchow</u>, the defendant was a public official charged with extortion under 18 U.S.C. § 1951 by obtaining money from a construction project that needed a building permit.  Tuchow, who apparently did not testify, argued that the money was given for his legal services, not as payment for his official acts.  The government presented evidence that Tuchow offered to bribe a judge to dismiss a speeding ticket.  The evidence came in the form of a recorded conversation between Tuchow and his barber in which he offered to bribe the judge.

<u>Tuchow</u> is distinguishable.  Significantly, there is no indication that the bribe at issue in <u>Tuchow</u> was the subject of a pending criminal proceeding against Tuchow; indeed, the testimony was that a bribe was offered but apparently not delivered.  Here, Lattimore is expected to testify that he received a money from defendant in exchange for him performing an official act.  Under Sixth Circuit precedent for admitting evidence under Rule 404(b), the Court is required to first determine whether the act occurred, <u>i.e.</u> whether defendant bribed Lattimore.  While Lattimore has plead guilty to the offense, the bribe is the subject of a pending criminal case against defendant for which he is entitled to the presumption of innocence.  The potential for prejudice is plain.

Also, while the government contends defendant has raised the defense that the money he received was for consulting services, the Court does not believe the defense

3

has been clearly raised.  Although defense counsel alluded to defendant performing consulting work in his opening statement, the evidence adduced so far has not convinced the Court that the defense has been squarely presented.  Accordingly, defendant's motion in limine is GRANTED.  However, the government has the right to renew its request to admit the evidence as the trial progresses.

    SO ORDERED.

                           s/ Avern Cohn  
                           AVERN COHN  
                           UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 27, 2010, by electronic and/or ordinary mail.

                           s/ Julie Owens  
                           Case Manager, (313) 234-5160