UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 09-20025

D-4, SAMUEL L. RIDDLE, JR.,            HONORABLE AVERN COHN

    Defendant.

_____/

## **MEMORANDUM REGARDING CONFLICT OF INTEREST**

This is a criminal case (Detroit Case). Defendant is charged with a multitude of offenses. Defendant went to trial on the charges. The jury could not agree. The Court declared a mistrial. Defendant's counsel in the case were permitted to withdraw. A retrial is scheduled to begin in early July. Defendant has retained new counsel in the person of attorney Richard Convertino (Convertino).

Defendant is also scheduled to go to trial in an unrelated case in early June on charges of conspiracy to commit bribery (Southfield Case). In this case, there is a co-defendant, Mary Waters. She is represented by Convertino. Defendant is represented by attorney John McManus.

As a consequence of Convertino's representation of Waters, the government filed a motion in both the Detroit Case and the Southfield Case styled

> Government's Motion for Hearing Regarding Conflicts of
> Interest and Possible Attorney Disqualification

The Court and the judge assigned to the Southfield Case held a joint hearing on the government's motion, at which they inquired in detail into the potential conflict flowing from Convertino representing defendant in the Detroit Case and Waters in the

Southfield Case. A redacted transcript of the hearing has been docketed (Doc. No. 170).

The government acknowledges that to the extent there is a conflict of interest in Convertino representing Waters in the Southfield Case, Water has validly waived any conflict. The government, however, says this is not so in the Detroit Case because, in the government's view, defendant has not properly waived any conflict. The government is wrong.

The Court is satisfied that defendant is knowledgeable and fully informed as to the potential conflict of interest occasioned by Convertino's representation of Waters in the Southfield Case and Convertino's representation of him in the Detroit Case. The Court is also satisfied that the totality of the record shows defendant has voluntarily, knowingly and intelligently waived the potential conflict of interest.

As stated in United States v. Reese, 699 F.2d 803, 805 (6th Cir. 1983):

> [E]ven if an actual conflict of interests or a strong likelihood of conflict is demonstrated the defendant must be given an opportunity to waive his constitutional right to conflict-free representation. A voluntary waiver of this constitutional right, knowingly and intelligently made, must be honored by the court in the absence of compelling circumstances.

Defendant has had the opportunity to waive his constitutional right to conflict-free representation and has done so. There are no compelling circumstances to cause the Court to reject the waiver. Convertino may represent defendant in the Detroit Case.

Dated: April 5, 2010          S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE